[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13449

_____

D. C. Docket No. 03-00558-CV-ORL-19-KRS

CROSSPOINTE, LLC,
a Florida corporation,

Plaintiff-Counter-
Defendant-Appellee-
Cross-Appellant,

versus

INTEGRATED COMPUTING, INC.,
a Florida corporation,
DAVID SCOTT,
a citizen of Florida,

Defendants-Counter-
Claimants-Third-Party
Plaintiffs-Appellants-
Cross-Appellees,

SMARTWEB TECHNOLOGY, INC.,
a Florida corporation, et al.,
BILL W. MERRYMAN, a citizen of
Florida,

Defendants-Counter-
Claimants-Third-Party
Plaintiffs-Appellants,

MICHELLE FARAHBAKSH,

                                        Defendant-Appellant,

JOHN KEEBLER,

                                        Counter-Defendant,

                        versus

JOAN KEEBLER,
President of Crosspointe,
Inc., et al.,

                                        Third-Party Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(October 4, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

This case arises out of a copyright dispute over several computer software programs designed to assist primary and secondary schools in their administration duties. Defendants/Appellants/Cross-Appellees Integrated Computing, Inc. ("Integrated"), SmartWeb Technology, Inc. ("SmartWeb"), David Scott, Bill W. Merryman, and Michelle Farahbaksh (collectively, "Defendants") appeal from a

2

jury verdict and final judgment granting monetary, declaratory, and/or injunctive relief against them on various of Plaintiff/Appellee/Cross-Appellant CrossPointe, LLC's ("CrossPointe") claims for copyright infringement, unfair competition, tortious interference, and deceptive trade practices. Defendants raise the following issues on appeal: (1) whether the district court erred in construing and instructing the jury on the Copyright Act's deposit requirement, (2) whether the district court erred in determining that sufficient evidence existed for CrossPointe's copying claim to go to the jury over Defendants' defense that copying was performed under school districts' license, and (3) whether the district court erred in construing and instructing the jury on the burden of proof for the issue of whether the allegedly copied items constituted protected expression under the abstraction-filtration-comparison test.

CrossPointe cross-appeals (1) the district court's denial of certain discovery motions, (2) the district court's grant of summary judgment to Defendants on Counts 3 and 4 of CrossPointe's Second Amended Complaint, and (3) the district court's refusal to grant remittitur or a new trial on the $50,000 in damages awarded against CrossPointe on Count 12 of Integrated's, SmartWeb's, and Scott's Second Amended Counterclaim.

After careful review of the briefs and record, and after having the benefit of

oral argument, we find no merit in any of these issues.  Therefore, we affirm.

**AFFIRMED**.